IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kegan Murray, | C/A. No. 1:21-1271-CMC-SVH |
| Plaintiff | |
| v. | |
| South Carolina Department of Corrections; Tyger River Correctional Institution; and Ofc. Simmons, | Order |
| Defendants. | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, complaining of failure to protect from an assault by another inmate while incarcerated at Tyger River Correctional Institution. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On May 3, 2021, the Magistrate Judge entered a Proper Form Order (ECF No. 6) and Order and Notice (ECF No. 7) notifying Plaintiff his Complaint was deficient and allowing him until May 24, 2021 to file an Amended Complaint.[1] On June 2, 2021, the Magistrate Judge issued a Report and Recommendation ("Report"). The Report recommends dismissal for failure to prosecute, as Plaintiff did not respond to a court order regarding the sufficiency of his Complaint and the need to provide proposed Summons. ECF No. 10 at 4. It also determined Plaintiff failed to allege a claim for failure to protect because there was no indication Defendant Simmons was aware of any risk of harm to Plaintiff before the assault. *Id.* at 5. Finally, it found SCDC and TRCI are not

---

[1] Plaintiff was also notified of the need to file a proposed summons for all Defendants.

persons under § 1983 and therefore not amenable to suit, and a claim of negligence is not actionable under § 1983. *Id.* at 5-6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.

On June 17, 2021, Plaintiff filed an Amended Complaint. ECF No. 12. It is largely similar to his original Complaint, with the same causes of action against the same Defendants. It does, however, allege "Ofc. Simmons left his post (dorm) as this incident took place after I informed him that I had an issue owing money I couldn't pay. He stated 'pay that man.'" *Id.* at 4. It appears this is an attempt to respond to the Report's finding that Simmons was not aware of any risk of harm to Plaintiff.

As Plaintiff has now filed an Amended Complaint, dismissal based on lack of prosecution is inappropriate. In addition, he has attempted to amend his Complaint to address the issue of awareness of risk of harm and that claim should be reviewed by the Magistrate Judge with the new allegation. The court therefore declines to adopt the portions of the Report regarding failure to prosecute and failure to protect. However, it remains clear that SCDC and TRCI cannot be Defendants under § 1983 and are therefore dismissed without prejudice. Similarly, a negligence claim cannot be brought under § 1983 and this portion of Plaintiff's § 1983 claim is therefore dismissed. The Report is adopted as to those conclusions and incorporated herein. This matter is re-referred to the Magistrate Judge for pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina<br>
June 23, 2021