IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kegan Murray,<br><br>                    Plaintiff,<br>    vs.<br><br>Ofc. Simmons,<br><br>                    Defendants. | Civil Action No. 1:21-cv-1271-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint filed April 29, 2021.  ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

      On May 3, 2021, the Magistrate Judge entered a Proper Form Order, directing Plaintiff to complete a summons form for every defendant named in the matter.  ECF No. 6.  The Magistrate Judge also entered an Order allowing Plaintiff an opportunity to attempt to correct deficiencies in his Complaint.  ECF No. 7.  No response or any filing was received.  The Magistrate Judge then entered a Report recommending the Complaint be dismissed for failure to prosecute.  ECF No. 10. Plaintiff, however, then submitted an Amended Complaint and a proposed summons.[1]  ECF Nos. 12, 13.  The court declined to dismiss the case, although certain Defendants were dismissed, and it was re-referred to the Magistrate Judge.  ECF No. 15.  On October 19, 2020, the Magistrate Judge entered two additional Proper Form Orders, directing Plaintiff to properly complete a summons for Defendant Ofc. Simmons.  ECF Nos. 18, 21.  No response was received.  In both

---

[1] However, this proposed summons remained deficient.

Orders, Plaintiff was warned failure to comply would subject the case to dismissal under Fed. R. Civ. P. 41.

On August 20, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without prejudice and without issuance and service of process for failure to prosecute. ECF No. 24. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections or a proper summons, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees this matter should be dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 15, 2021